IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00099-RJ

| | |
|---|---|
| VIRGINIA R. ROWLAND, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-19, -22] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Claimant Virginia R. Rowland ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her application for a period of disability and Disability Insurance Benefits ("DIB"). The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, Claimant's Motion for Judgment on the Pleadings is allowed, Defendant's Motion for Judgment on the Pleadings is denied, and the matter is remanded to the Commissioner for further proceedings.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability and DIB on July 26, 2012, alleging disability beginning February 9, 2012. (R. 18, 154-60). The claim was denied initially and upon reconsideration. (R. 18, 61-81). A hearing before the Administrative Law Judge ("ALJ") was held on August 28, 2014, at which Claimant, represented by counsel, and a vocational expert ("VE")

appeared and testified. (R. 34-60). At the hearing, Claimant amended her alleged onset date to July 1, 2013. (R. 18, 36-37). On September 26, 2014, the ALJ issued a decision denying Claimant's request for benefits. (R. 15-33). On March 25, 2015, the Appeals Council denied Claimant's request for review. (R. 1-6). Claimant then commenced the instant action, seeking judicial review of the now-final administrative decision.[1]

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial

---

[1] Based on a subsequent application, alleging an onset date of September 27, 2104, in which Claimant alleged disability due to her back and depression, Claimant was awarded benefits as of May 1, 2015. [DE-20-1] at 1-2.

2

evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 404.1520a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(3).

3

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful activity since her amended alleged onset date. (R. 20). Next, the ALJ determined Claimant had the severe impairment of degenerative disc disease and the nonsevere impairment of anxiety. (R. 20-21). However, at step three, the ALJ concluded Claimant's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 22-23). Applying the technique prescribed by the regulations, the ALJ found that Claimant's mental impairments have resulted in no limitation in activities of daily living, and mild limitation in social functioning and concentration, persistence, or pace, with no episodes of decompensation of an extended duration. (R. 21-22).

Prior to proceeding to step four, the ALJ assessed Claimant's residual functional capacity ("RFC") finding Claimant has the ability to perform light work[2] with the additional limitations of occasional climbing, crawling, kneeling, crouching, and stooping, and must avoid exposure to workplace hazards such as unprotected heights or dangerous moving machinery. (R. 23-27). In making this assessment, the ALJ found Claimant's statements about her limitations not entirely credible. (R. 24). At step four, the ALJ concluded Claimant was capable of performing her past relevant work as an accounts payable clerk, which is classified as sedentary exertional, semi-skilled

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

4

work. (R. 27).

Claimant contends that the ALJ erred in (1) evaluating Listings 1.04A and 1.04C, (2) failing to give her treating physician's opinion controlling weight, and (3) evaluating her RFC. Pl.'s Mem. [DE-20] at 15-22.[3]

## V. DISCUSSION

### A. The ALJ's RFC Analysis

Claimant contends the ALJ erred by failing to incorporate non-exertional limitations into the RFC regarding Claimant's ability to perform complex work, sustain mental activity, and remain in certain postures. Pl.'s Mem. [DE-20] at 17-22. Defendant argues that the ALJ's RFC determination is supported by substantial evidence. Def.'s Mem. [DE-23] at 10-14, 19. The court agrees with Plaintiff that the ALJ erred in the RFC determination and that remand is required.

An individual's RFC is the capacity an individual possesses despite the limitations caused by physical or mental impairments. 20 C.F.R. § 404.1545(a)(1); *see also* S.S.R. 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The RFC is based on all relevant medical and other evidence in the record and may include a claimant's own description of limitations arising from alleged symptoms. 20 C.F.R. § 404.1545(a)(3); *see also* S.S.R. 96-8p, 1996 WL 374184, at *5. "[T]he residual functional capacity 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting S.S.R. 96-8p). Where a claimant has numerous impairments, including non-severe impairments, the

---

[3] Unless otherwise indicated, the citations reference the page number assigned by CM/ECF as opposed to the document's internal page number where, as here, they differ.

5

ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); *see Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments.") (citations omitted).

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). The court also indicated that there could be instances where a limitation in concentration, persistence, or pace does not affect the Claimant's ability to work and would be appropriately excluded from the RFC, but that in such circumstances an explanation from the ALJ is required. *Id.* ("For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would have been appropriate to exclude it .... But because the ALJ here gave no explanation, a remand is in order.").

Here, the ALJ determined at step two that Claimant had the nonsevere mental impairment of anxiety and, applying the special technique, found that Claimant's mental impairments have resulted in no limitation in activities of daily living, mild limitation in social functioning and concentration, persistence, or pace, and no episodes of decompensation of an extended duration. (R. 21-22). The ALJ then stated that the RFC "reflects the degree of limitation the undersigned has found in the "paragraph B" criteria mental functional analysis. However, the ALJ imposed no mental limitations in the RFC despite having found a mild limitation in concentration, persistence, or pace. (R. 23).

6

The court recently addressed this issue in *Cox v. Colvin*, No. 4:15-CV-00137-D, 2016 WL 4595927, at *4 (E.D.N.C. July 19, 2016) (unpublished), *adopted by* 2016 WL 4595989 (E.D.N.C. Sept. 2, 2016). In *Cox*, the ALJ determined the claimant had the non-severe impairments of depression and anxiety and that those conditions caused only mild limitations in maintaining concentration, persistence, or pace, but failed to account for the mild limitations in formulating the RFC and in questioning the VE. *Id.* The court found this to be error, citing the holding of other courts in this circuit that "an ALJ must account for a claimant's mild limitations in the functional areas of activities of daily living, social functioning, and maintaining concentration, persistence, or pace, even if the claimant's mental impairments are not severe." *Id.* (citing *Brooks v. Colvin*, No. 1:15-CV-191, 2016 WL 1465966, at *5-6 (W.D.N.C. Apr. 14, 2016) (unpublished) (remanding case where ALJ found claimant mildly limited in concentration, persistence, or pace but failed to assign any mental limitations nor explain why no limitations were included in RFC); *Reinhardt v. Colvin*, No. 3:14-CV-488, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) (unpublished) ("While the court agrees with the Commissioner's argument that the fact that the ALJ found mild limitations in the paragraph B criteria does not necessarily translate to a work-related functional limitation, *Mascio* clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered.")). The court concluded that "[g]iven that the court is left to guess how Cox's mental impairments, though mild in their effect on her functioning in the Paragraph B areas, impact her work-related functions as determined in the RFC, meaningful review of the RFC determination is not possible" and "remand on this issue is appropriate." *Id.* (citing *Scruggs v. Colvin*, No. 3:14-CV-00466, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (unpublished) (noting that although the

7

ALJ's findings at step two and three may not require an RFC that imposes any additional limitations for social functioning, the ALJ must at least provide a sufficient explanation in the decision to allow this Court to conduct meaningful review of the RFC determination)).

Here, as in *Cox*, the ALJ failed to account for in the RFC Claimant's mild limitation in concentration, persistence, or pace, and alternatively failed to explain why no such restriction was necessary. Moreover, the VE testified that if Claimant were limited to simple, routine, repetitive work, her past relevant work would be eliminated, and thus, the error is not harmless. (R. 55). Accordingly, where the ALJ imposed no mental limitations in the RFC despite having found a mild limitation in concentration, persistence, or pace and did not explain this inconsistency, remand is required.

The court also finds that reconsideration of the paragraph B criteria is necessary in light of the ALJ's apparent failure to fully consider the evidence of record. In finding Claimant had no limitation in activities of daily living and mild limitation in social functioning and concentration, persistence, or pace, the ALJ cited Claimant's own testimony, her notes from a monthly pain calendar, and statements from Claimant's daughter taken from a third-party function report. (R. 21). However, a review of the record evidence reveals the ALJ selectively cited pieces of testimony, while ignoring other testimony favorable to Claimant. In support of the paragraph B findings, the ALJ cited the following specific evidence: Claimant's testimony that she could drive independently, perform personal hygiene tasks, and visit with her grandchildren; Claimant's pain calendar notes that she had transported a friend to the doctor, babysat her grandchildren, went to the mall with a friend several times, and attended a grandson's basketball game; and Claimant's daughter's report that she only spent approximately six hours per week with the Claimant to assist with household chores,

shopping, and to prepare her weekly medications, and that Claimant could prepare simple meals, drive, shop weekly, pay bills, handle money, receive visitors in her home, complete tasks, follow written and spoken instructions, make trips to the post office independently, and enjoys watching television and reading. (R. 21).

The ALJ relied heavily on the November 2012 third-party function report completed by Claimant's daughter. This form was completed prior to Claimant's amended onset date of July 1, 2013, and subsequent evidence indicates that Claimant's daughter moved back into Claimant's home part time to provide Claimant with additional assistance. (R. 44). Furthermore, the daughter's statement indicates Claimant engaged in the activities cited by the ALJ at a minimal level or with great difficulty. (R. 192-99). Claimant's daughter completed a second statement regarding her observations of Claimant's functioning in March 2014, which reflects she was providing more assistance to Claimant than in 2012 and Claimant had become more limited in her functioning.[4] (R. 229-35). The ALJ did not discuss this second statement, despite the ALJ's implicit recognition of some deterioration in Claimant's condition. *See* (R. 26) (reducing Claimant's RFC below that found by the state agency consultants in light of, among other things, "more recent medical evidence"). Finally, the ALJ cites selectively from Claimant's pain logs that, when considered in their totality, also indicate Claimant engaged in minimal activity with great difficulty. (R. 225-26, 238). In *Hines v. Barnhart*, the Fourth Circuit discussed how an ALJ erred by selectively describing a claimant's activities of daily living and leaving out the claimant's explanation that he tried to do certain activities but often was unable to complete them due to his pain. 453 F.3d at 565-66 (4th Cir. 2006)

---

[4] Although this form relates to pain observed and symptoms from pain and is not specifically directed to the effects of Claimant's mental impairments, neither is the third-party function report on which the ALJ relied in assessing the paragraph B criteria.

9

("The ALJ selectively cited evidence concerning tasks which Mr. Hines was capable of performing . . . . This recitation of the evidence ignores Mr. Hines' further testimony that he has pain 'mostly all the time' and that taking Darvocet 'mak[es] it feel better and it's not really gone.'"). Accordingly, the ALJ's consideration of the paragraph B criteria is not supported by substantial evidence.

Because the court has concluded the case should be remanded on the issues noted above, the court declines to consider the other issues of error raised by Plaintiff.

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-19] is ALLOWED, Defendant's Motion for Judgment on the Pleadings [DE-22] is DENIED, and the case is remanded for further proceedings.

So ordered, this the 26th day of September 2016.

Robert B. Jones, Jr.
United States Magistrate Judge